PALECEK & PALECEK PLLC
ATTORNEYS AT LAW
6263 N. Scottsdale Rd., Suite 310
Scottsdale, Arizona 85250
Telephone: (602) 522.2454
Facsimile:  (602) 522.2349
KAREN A. PALECEK #011944
kpalecek@paleceklaw.com
Attorneys for Plaintiff



# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES of America, for the Use and Benefit of DURHAM STABILIZATION, INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>SBBI, INC, a Louisiana corporation; HARTFORD FIRE INSURANCE COMPANY, a Connecticut casualty insurer; JOHN DOES 1 through 100; JANE DOES 1-100, BLACK CORPORATIONS 1-100, WHITE PARTNERSHIPS 1-100, and BLUE LLC'S 1-100,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>(Breach of Contract, Miller Act Payment Bond, Promissory Estoppel) |

Plaintiff UNITED STATES OF AMERICA, for the use and benefit of DURHAM STABILIZATION, INC. ("DURHAM"), by and through undersigned counsel, for its Complaint against the above-named Defendants, states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 40 U.S.C. 3133 (b) (3) (B), the Federal Miller Act. The plaintiff seeks a judgment, pursuant to, for damages resulting in non-payment for work performed under a Payment Bond issued pursuant to 40 U.S.C. § 3131.

2. Venue is proper in the District of Arizona under 40 U.S.C. 3133 (b) (3) (B), pursuant to the contract that is the subject of this dispute which identifies work to be performed and executed in this District.

3. All actions giving rise to this controversy took place in Arizona on a Federal Project of approximately 17 miles of Federal Highway specifically Highway 249 in Apache-Sitgreaves National Forest within the jurisdiction of Apache County, Arizona.

4. The Federal Agency involved as the Owner is the Department of Transportation. The Federal office was the Federal Highway Administration ("FHWA"). The location was the Central Federal Lands Highway Division.



## GENERAL ALLEGATIONS

5. Plaintiff DURHAM re-alleges Paragraphs 1 through 4 of this Complaint as if fully set forth herein.

6. Plaintiff DURHAM is a California corporation and, at all relevant times, was authorized to transact business in the State of Arizona. DURHAM is a subsidiary of Pavement Recycling Systems, Inc. with an Arizona Registrar of Contractors License Number ROC183900.

7. Upon information and belief, Defendant SBBI, INC ("SBBI") is a Louisiana corporation holding itself out as authorized to transact business in the State of Arizona.

8. Upon information and belief, Defendant HARTFORD FIRE INSURANCE COMPANY ("HARTFORD") is a Connecticut casualty insurer holding itself out as authorized to transact business in the State of Arizona and the Surety on the Payment

Bond identified herein.

9. JOHN DOES 1-100, JANE DOES 1-100, BLACK CORPORATIONS 1-100, WHITE PARTNERSHIPS 1-100, and BLUE LLC'S 1-100, whether singular or plural are fictitious names, designating an individual or individuals masculine or feminine, are legal entities unknown to DURHAM whose true name or names may be added when discovered as if correctly named originally.

10. The Federal Agency is the U.S. Department of Transportation Federal Highway Administration Central Federal Lands Highway Division. The Prime Contract, contract number DTFH68-14-C-00025 was entered between SBBI and the Federal Highway Administration, Central Federal Lands Highway Division.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract – SBBI)

11. Plaintiff DURHAM re-alleges paragraphs 1 through 10 of this Complaint as if fully set forth herein

12. On or about June 9, 2014, Plaintiff DURHAM entered into a subcontract agreement with Defendant SBBI, wherein Plaintiff DURHAM agreed to Furnish and Provide specified stabilizing agent(s): provide supply tankers for the distribution of the stabilizing agent(s); CMI RS 650 recycling machine(s), and water trucks to construct the EMULSIFIED ASPHALT TREATED AGGREGATE BASE as defined in Contract No. DTFH68-14-C-00025 - AZ FLAP 249(1)- THREE FORKS ROAD with Subcontract No. 3F-DOT-001-S02 at a project known as AZ FLAP 249(1)- THREE FORKS ROAD, ("Project") and, in return, Defendant SBBI agreed to pay Plaintiff DURHAM in full or $1,637,282.72 ("Agreement"). A true and correct copy of the Subcontract Agreement

3

between DURHAM and SBBI is attached hereto as **Exhibit 1** and incorporated herein by reference.

13. All conditions to the Agreement have been met.

14. Plaintiff DURHAM provided the labor and materials pursuant to the Agreement in a timely and workmanlike manner and has performed all conditions of the Agreement entitling Plaintiff DURHAM to payment in full, as set forth therein.

15. Despite due demand, Defendant SBBI has failed and continues to refuse to pay Plaintiff DURHAM in full pursuant to the Exhibit 1 Agreement.

16. Defendant SBBI's failure to pay Plaintiff DURHAM according to the terms of the Agreement is a material breach of the Agreement.

17. As a result of this material breach, Plaintiff DURHAM has been damaged in the principal amount of $242,140.00. A true and correct copy of Durham's unpaid invoices are attached hereto as **Exhibit 2** and incorporated herein by reference.

18. SBBI rejected two portions of DURHAM's invoices as described in the Pay request approvals, attached hereto as **Exhibit 3** and incorporated herein by reference, by Clay Hardt. Copies of the rejected amounts which have not been paid to DURHAM total the $242,140.00 owed to DURHAM.

19. Pursuant to 31 U.S.C. §3901, the Federal Prompt Pay Act, invoices are deemed certified and approved as no written objection, compliant with the Prompt Pay Act was ever submitted to Plaintiff DURHAM.

20. This action arises out of contract, and, therefore, Plaintiff DURHAM is entitled to recover its reasonable attorney's fees incurred.


PALECEK & PALECEK PLLC
ATTORNEYS AT LAW



21. Pursuant to 31 U.S.C. 3901, et seq., Plaintiff DURHAM is entitled to interest at the rate of 1.5 % per month from the date the invoice was due until paid in full.

22. If judgment is rendered by default, Plaintiff's judgment shall include an award of attorneys' fees no less than $3,500.00, plus after-accruing fees and costs.

**WHEREFORE**, Plaintiff DURHAM prays for judgment against Defendant SBBI on its First Claim for Relief as follows:

    A.    For the principal amount of $242,140.00;

    B.    For reasonable attorney's fees pursuant to the contract and A.R.S. §12-341.01;

    C.    Statutory interest pursuant to 31 U.S.C. §3901;

    D.    For costs; and,

    E.    For such further relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(Miller Act Payment Bond pursuant to 40 U.S.C. §3131, et seq.)

23. Plaintiff DURHAM re-alleges Paragraphs 1 through 22 of its Complaint as if fully set forth herein.

24. On or about May 23, 2014, SBBI, as principal, and HARTFORD, as surety, executed a statutory Payment Bond, pursuant to 40 U.S.C. § 3131, ("Bond") for the Project. <u>The Bond is attached hereto as **Exhibit 4** and incorporated herein by reference</u>.

25. Under the terms of this Bond, Defendants SBBI and HARTFORD promise jointly and severally to pay all subcontractors and suppliers to the Project who have not been paid for materials provided and/or work performed.

26. Plaintiff DURHAM, a subcontractor to Defendant SBBI, furnished and

provide material on the Project for which is has not been paid.

27. Despite due demand, Defendants SBBI and HARTFORD have not paid DURHAM for the amount due and owing.

28. As a result of this breach of the bond obligation, Plaintiff DURHAM has been damaged in the principal amount of $242,140.00, plus interest and attorneys' fees and costs.

29. This action arises out of contract, and, therefore, Plaintiff DURHAM is entitled to recover its reasonable attorneys' fees incurred pursuant to contract and A.R.S. §12-341.01.

30. Plaintiff DURHAM is entitled to interest at the rate of 1.5% from the date the invoice was due until paid in full.

31. If judgment is rendered by default, Plaintiff's judgment shall include an award of attorneys' fees no less than $3,500.00, plus after-accruing fees and costs.

**WHEREFORE** Plaintiff DURHAM prays for judgment against Defendants SBBI and HARTFORD, jointly and severally, on this Second Claim for Relief as follows:

    A.    Principal damages of $242,140.00;

    B.    Attorneys' fees pursuant to the contract and A.R.S. §12-341.01;

    C.    Statutory interest pursuant to the Federal Prompt Payment Act;

    D.    Costs;

    E.    For such other and further relief as the Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(Promissory Estoppel)

32. Plaintiff DURHAM re-alleges Paragraphs 1 through 31 of its Complaint as

if fully set forth herein.

33. On July 2, 2014 Ted Walker, Clay Hardt of SBBI, as well as Dan Onisko of the Federal Highway Department met on the jobsite for the Project to discuss the change from emulsified asphalt to foamed asphalt. The two quantities remained at $700.00 per ton for the foamed asphalt and $400.00 per ton for the portland cement.

34. DURHAM did propose and did provide 1.75% foamed asphalt and 1% cement for the same price set forth in the contract totaling $1,637,282.72.

35. DURHAM performed the work after the promise was made on July 2, 2014.

36. It was not until after the work was performed and after approval of the work that SBBI negotiated a change order with the Federal Highway Administration agreeing that they would take a no cost change to their modification for the contract that was changed from emulsified asphalt to foamed asphalt. <u>A copy of the contract modification is attached to as **Exhibit 5** and incorporated herein by reference</u>. The date on the signature line of the contact modification was December 30, 2014 and for the Federal Highway Administration April 14, 2015. This was after the agreement was made between SBBI and DURHAM.

37. DURHAM justifiably relied on the promise between Ted Walker, Clay Hardt and Dan Onisko on July 2, 2014 to be paid its full contract price amount of $1,637,282.72 and $700.00 per ton for the foamed asphalt and $400.00 per ton for the portland cement.

38. DURHAM has been damaged as a result of their reliance on the promise of SBBI.



39. The damages as a result of SBBI failing to pay for the amount promised total $242,140.00.

**WHEREFORE** Plaintiff DURHAM prays for judgment against Defendants SBBI and on this Third Claim for Relief as follows:

    A.    Principal damages of $242,140.00;

    B.    Attorneys' fees pursuant to the contract and A.R.S. §12-341.01;

    C.    Interest at the statutory rate permitted per annum;

    D.    Costs;

    E.    For such other and further relief as the Court deems just and proper.

DATED this ___1st___ day of September, 2015.

PALECEK & PALECEK, P.L.L.C.

By: _____
Karen A. Palecek
6263 N. Scottsdale Road, Suite 310
Scottsdale, AZ 85250
Attorneys for Plaintiff